RECORD NO. 14-1765

## IN THE

# United States Court of Appeals

## FOR THE FOURTH CIRCUIT

### ANDREA GAIL JONES,

*Plaintiff-Appellee,*

v.

### SOUTHPEAK INTERACTIVE CORPORATION OF DELAWARE, TERRY M. PHILLIPS, and MELANIE J. MROZ,

*Defendants-Appellants.*

_____

OPENING BRIEF OF DEFENDANTS-APPELLANTS
_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA AT RICHMOND

Kevin D. Holden
JACKSON LEWIS PC
Suite 1200
1021 East Cary Street
Richmond, Virginia 23219
(804) 212-2888 (Telephone)
kevin.holden@jacksonlewis.com

Counsel for Defendants-Appellants

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1, counsel for SouthPeak Interactive Corporation ("SouthPeak"), a Delaware Corporation, declares that SouthPeak is a publically traded company. It does not have a parent company and there is no publically traded corporation that owns 10% of its stock. There are no parents, trusts, subsidiaries and/or affiliates of SouthPeak that have issued shares or debt securities to the public, nor is there any other publically held corporation that has a direct financial interest in the outcome of this litigation.

# TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT ...........................................................5

STATEMENT OF THE ISSUES ................................................................6

STATEMENT OF THE CASE ....................................................................7

SUMMARY OF ARGUMENT .................................................................15

STANDARD OF REVIEW .......................................................................18

ARGUMENT ............................................................................................19

    I.    THE LOWER COURT FAILED TO ADDRESS THE THIRD STEP OF THE
"THREE-STEP PROCESS" OUTLINED IN *MCAFEE V. BOCZAR*, AND THEREBY
COMMITTED AN ERROR OF LAW ..............................................................19

    II.    THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT HELD
SOUTHPEAK, PHILLIPS AND MROZ JOINTLY AND SEVERALLY LIABLE FOR
THE ATTORNEY'S FEES AWARDED TO JONES.............................................21

        A.  SOUTHPEAK, PHILLIPS AND MROZ WERE NOT JOINTLY AND SEVERALLY
LIABLE ON THE THREE SEPARATE CLAIMS ASSERTED AGAINST EACH UNDER
§ 1514A, NOR HAS JONES ASSERTED ANY CONSTITUTION VIOLATION ........21

        B.  THE LOWER COURT SHOULD HAVE APPORTIONED THE ATTORNEY'S FEE
AWARD IN THE SAME PROPORTIONS AS THE DAMAGES ASSESSED AGAINST
SOUTHPEAK, PHILLIPS AND MROZ ...........................................................24

    III.    THIS COURT SHOULD AVOID THE FURTHER EXPENSE AND NONESSENTIAL
USE OF JUDICIAL RESOURCES ASSOCIATED WITH REMAND PROCEEDINGS
AND FURTHER APPEALS AND APPORTION THE ATTORNEY'S FEES ON AN
INDIVIDUAL BASIS AFTER CONSIDERING THE DEGREE OF SUCCESS
OBTAINED AGAINST EACH DEFENDANT.....................................................27

CONCLUSION ................................................................................................29

REQUEST FOR ORAL ARGUMENT ..........................................................31

CERTIFICATE OF COMPLIANCE ...............................................................32

CERTIFICATE OF SERVICE ..........................................................................33

<u>**TABLE OF AUTHORITIES**</u>

**Cases**

*Council for Periodical Distr. Assos. v. Evans,*  827 F.2d 1483  (11th Cir. 1987)....17

*Dean v. Gladney*, 621 F.2d 1331 (5th Cir. 1980) .........................................16, 21, 24

*Hensley v. Eckerhart,* 461 U.S. 424 (1983).............................................................19

*Johannsen v. Dist. No. 1-Pac. Coast Dist.*, *MEBA Pension Plan,* 292 F.3d 159

    (4th Cir. 2002), abrogated on other grounds by *Metro. Life Ins. Co. v. Glenn,*

    544 U.S. 105 (2008) ...........................................................................................18

*Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714 (5th Cir. 1974) .............19

*Kentucky v. Graham*, 473 U.S. 159 (1985) ................................................16, 21, 24

*Koster v. Perales*, 903 F.2d 131 (2nd Cir. 1990).........................................16, 21, 24

*McAfee v. Boczar*, 783 F.3d 81 (4th Cir. 2013)............................................... passim

*Molnar v. Booth*, 229 F.3d 593 (7th Cir. 2000)......................................................22

*Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235 (4th Cir. 2009)) ...................19

*Strama v. Peterson*, 561 F. Supp. 997 (N.D. Ill.1983) ........................17, 21, 25, 27

**Statutes**

18 U.S.C. § 1514A ................................................................................... passim

42 U.S.C. § 1983 .................................................................................................22

**Rules**

Fed. R. App. P. 4(A)(1)(a).....................................................................................5

## JURISDICTIONAL STATEMENT

The lower court asserted federal subject matter jurisdiction over this matter under 28 U.S.C. § 1331 because the Complaint was premised on, among other things, claims brought under a federal statute, 18 U.S.C. § 1514A.

This Court has general jurisdiction over the lower court's Fee Petition Order entered on July 2, 2014,[1] because it is a final, appealable order.  28 U.S.C. § 1219. The Fee Petition Order disposes of the final issue pending in the lower court.[2]

The Appellant-Defendants timely filed their Amended Notice of Appeal from the Fee Petition Order on July 25, 2014.  Fed. R. App. P. 4(A)(1)(a).

---

[1] See Joint Appendix at page 367 (hereinafter "JA _____").

[2] The Appellee-Plaintiff requested leave to file a "Fee on Fee Petition for Plaintiff's Attorney's Fees." JA 26 (EDVA Docket Entry # 195).  The lower court granted that request and ordered that any such petition shall be submitted by August 22, 2014.  JA 411.  The Appellee-Plaintiff did not file a "Fee on Fee Petition for Attorney's Fees" by August 22, 2014, leaving no other issue for the lower court to consider.

## STATEMENT OF THE ISSUES

1.      Did the lower court commit an error of law when it failed to follow the "three-step process" outlined in *McAfee v. Boczar*, 783 F.3d 81, 88 (4th Cir. 2013) for reviewing an attorney's fee petition, in that it failed to consider and thereafter award "some percentage of the remaining [lodestar fee] amount, depending on the degree of success enjoyed by the plaintiff"?

2.      Did the lower court improperly award attorney's fees jointly and severally against defendants that were neither sued as "joint tortfeasors," adjudicated as "joint tortfeasors," nor found to have committed any constitutional violation; but rather, where each defendant was found by the jury to have caused different, identifiable and distinct injuries, the overwhelming amount of which – by a factor of more than 12 to 1 – was individually assessed against only one of the defendants?

3.      Should this Court, as it did in *McAfee v. Boczar,* avoid the further expense and nonessential use of judicial resources associated with remand proceedings and further appeals and apportion the attorney's fees on an individual basis after considering the degree of success obtained against each defendant?

6

## STATEMENT OF THE CASE

1.    The full background facts are set forth in the papers on file with this Court in the matter of *Jones v. SouthPeak Interactive Corporation of Delaware, et. al.,* Record No. 13-2399, an appeal from the Final Judgment Order entered in this case on November 21, 2013.[3]  Those facts are not repeated herein, but the facts essential to this appeal are set forth below.

### THE PARTIES

2.    SouthPeak Interactive Corporation ("SouthPeak"), at all times relevant to this dispute, was a Delaware corporation.  JA 31.

3.    Terry M. Phillips ("Phillips") was the Chairman of the Board at SouthPeak.  JA 31.

4.    Melanie J. Mroz ("Mroz") was employed by SouthPeak as its President.  JA 31.

5.    Andrea Gail Jones ("Jones") was employed by SouthPeak as a bookkeeper and then as its Chief Financial Officer.  JA 31, 32.

### JONES' THREE COUNT COMPLAINT

6.    Jones filed a three-count Complaint against SouthPeak, Phillips and Mroz in the United Stated District Court for the Eastern District of Virginia, Richmond Division.  In Count I, Jones alleged individual whistleblower claims

---

[3] That appeal has been fully briefed and is scheduled for oral argument in December 2014.

against SouthPeak, Phillips and Mroz under 18 U.S.C. § 1514A of the Sarbanes-Oxley Act of 2002 ("Sarbanes-Oxley"). JA 47, 48.

7.    In Count II, Jones alleged individual claims against SouthPeak, Phillips and Mroz under the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, 15 U.S.C. 78u-6(h)(1)(A) ("Dodd-Frank"). JA 48.

8.    In Count III Jones alleged a claim for Breach of Additional Consideration Contract against SouthPeak, Phillips and Mroz. JA 49.

9.    Jones claimed and sought as damages in this matter, according to her Complaint and subsequent disclosures under Rule 26(a)(1) and (2) of the Federal Rules of Civil Procedure, as follows:

> a.  Injunctive relief in the form of reinstatement or constructive reinstatement to her former position;
>
> b.  Two-times all back pay and benefits, including, but not limited to, salary increases, bonuses, stock options, vacation pay and health insurance, in the net amount of $984,337.00;[4]
>
> c.  Front pay damages of not less than $500,000;[5]
>
> d.  Damages for emotional distress and damage to her reputation in an amount of not less than $500,000;[6]
>
> e.  Punitive damages of not less than $500,000;[7]

---

[4] JA 52, 238.
[5] JA 52, 238.
[6] JA 52, 238.
[7] JA 52, 239.

      f.  Attorney's fees of approximately $250,000 plus already incurred attorney's fees of $76,812.22;[8] and

      g.  Additional Damages of $60,000 in forfeited stock options, stock options and/or restricted stock and a Christmas bonus for 2009.[9]

10.     All told, not including the value of any injunctive relief or claim for attorney's fees, the damages claimed and sought by Jones in this matter amounted to not less than $2,544,337.00.

11.     SouthPeak, Phillips and Mroz moved to dismiss Count II on the basis that Jones failed to state a claim against them as a matter of law.  Following briefing on the issue and oral argument, the lower court granted that motion and dismissed the Dodd-Frank claims asserted under Count II on March 19, 2013.

12.     Rather than face a threatened motion for summary judgment on Count III, Jones dismissed her contract claim several weeks prior to trial.

13.     Jones proceeded to trial on the three remaining § 1514A claims asserted against SouthPeak, Phillips and Mroz.

### THE SEPARATE DAMAGES AWARDED AGAINST SOUTHPEAK, PHILLIPS AND MROZ

14.     Following a trial on the merits, the jury returned a verdict against SouthPeak for back-pay damages of $538,000 and for emotional damages of

---

[8] JA 52, 239.
[9] JA 52.

9

$375,000. The jury also returned verdicts against Phillips and Mroz, but awarded no damages against either.

15. After receiving additional instructions from the lower court, the jury deliberated further and eventually returned a second verdict against SouthPeak for back pay damages of $593,000 and for zero emotional damages.

16. The jury also returned a verdict against Phillips for $178,000 in emotional damages and for zero back pay damages.

17. The jury similarly returned a verdict against Mroz for $178,000 in emotional damages and for zero back pay damages.

18. The lower court accepted those verdicts and entered the judgments against SouthPeak, Phillips and Mroz.

19. Phillips and Mroz moved to amend those judgments, asserting that the judgments should reflect a single, joint award of emotional damages. The lower court denied that request, finding that the jury "made equal and independent . . . assessments against Phillips and Mroz." JA 103. The lower court held that there could be no dispute on this point, as "That is clear on the face of the amended verdict." JA 103.

20. Phillips and Mroz also moved to remit the damages awarded. The lower court granted that request, in part, and remitted the emotional damage award against Phillips to $50,000 and remitted emotional damage award against Mroz to

$50,000. JA 118. The lower court explained that Jones had suffered (at most) $100,000 in emotional damages, and that Phillips and Mroz were each specifically and separately responsible for causing one half of the emotional damages. JA 118.

21.    On November 21, 2013, the lower court entered a Final Judgment Order against SouthPeak, Phillips and Mroz in the following amounts:

      a.  Against Phillips for $50,000;

      b.  Against Mroz for $50,000; and

      c.  Against SouthPeak for $636,976.16.

22.    The final amounts awarded against Phillips and Mroz represented separate, emotional damage awards, with no amounts being awarded against either for back pay or any other compensatory damages suffered by Jones.

23.    The final amounts entered against SouthPeak – more than twelve times the amounts awarded against Phillips or Mroz – represented $470,000 in back pay damages, $123,000 in compensatory (financial) damages, but no amounts for any emotional damages. JA 119.

24.    The jury did not award punitive damages against any defendant.

THE FEE AWARDS

25.    Jones filed a fee petition on December 20, 2013 requesting approximately $406,000 in attorney's fees.

11

26.    The lower court granted that petition in part, finding first that $300 per hour was a reasonable rate for the Sarbanes-Oxley work performed by Sands Anderson, a well-known and respected business litigation firm in Richmond, Virginia.  JA 375.

27.    The lower court next found that $420 was a reasonable rate for James Thorsen ("Thorsen"),[10] who practices with a much smaller personal injury, employment litigation, domestic relations, and civil litigation firm. *See* JA 242. The Court made this finding citing an affidavit submitted by Harris Butler, Esq. ("Butler"), which the lower court acknowledged was somewhat contradictive.  The lower court also cited to and relied upon a certain TyMetrix report to establish the reasonableness of Thorsen's rate, even though that report was never provided to (or presumably seen by) the Court or any of the parties – all that Jones provided to the lower court on this point was a newspaper article that described snippets of what the TyMetrix report supposedly contained.

28.    The lower court also approved a rate of $250 per hour for Thorsen's first-year associate, Jesse Roche ("Roche"), even though Jones recounted in her Rule 26(a) disclosures and discovery responses that Roche billed his time in this matter at the rate of $200 per hour.  JA 239, 241, 250.

---

[10] JA 383.  Jones requested that Thorsen's rate be set at $425 an hour, the same rate set forth in Jones' Rule 26(a) disclosures.

29.    The lower court next considered the amount of time spent on this case, made a 10% reduction to the Sands Anderson time for "block billing," and made other, smaller adjustments to the time entries submitted by Thorsen and Roche, but otherwise approved the amount of time worked by Thorsen and Roche. For example, in addressing the reasonableness of certain tasks undertaken by Thorsen and Roche, the lower court noted, *inter alia*, that it was reasonable for Jones to oppose a motion to withdraw filed by the Appellants-Defendants' first counsel, because "that lawyer had reached a settlement in the case and recommended that it be implemented by the Defendants." JA 393.[11]

30.    After reviewing the reasonableness of the time spent on the case, the lower court did not address or consider the issue of whether or to what extent the amounts remaining should be reduced based on the outcomes achieved or otherwise compare the judgments awarded against Phillips and Mroz, as well as against SouthPeak, to the total amount of damages – over two and a half million dollars –that Jones had sought.

31.    Instead, the lower court addressed Jones' request that SouthPeak, Phillips and Mroz be held jointly and severally liable for the total amount of the fee award.  Despite its previous rulings and jury verdicts that reflected otherwise, the

---

[11] The basis for this assertion is unclear, as no settlement was ever reached or "recommended that it be implemented," in or outside of any settlement conference. To the contrary, the withdrawal pleadings at issue confirm only that the parties did *not* settle at the judicial settlement conference.   JA 67, 71.

lower court asserted that because "Jones suffered a single injury"[12] and that as SouthPeak, Phillips and Mroz had "been adjudged to be joint tortfeasors,"[13] the lower court had the discretion to make the fee award joint and several among the three defendants.[14]  As such, and citing to the fact that, among other things, both Mroz and Phillips had voted with other board members to terminate Jones' employment, the lower court held that all of the approved attorney's fees, $354,127.05, should be awarded jointly and severally against SouthPeak, Phillips and Mroz.

32.    SouthPeak, Phillips and Mroz timely appealed the July 1, 2014 Order on July 25, 2014.  JA 410.

---

[12] JA 402.
[13] JA 404.
[14] JA 404.

## SUMMARY OF ARGUMENT

The lower court erred in two critical ways when it considered and assessed the attorney's fee award. First, contrary to the clear instructions set forth by this Court in *McAfee v. Boczar*, 738 F3d. 81 (4th Cir. 2013), the lower court failed to address the third step of the "three-step process" required when making an attorney's fee award. During this third step, a court must consider and compare the amounts sued for against the relief ultimately obtained and thereafter award "some percentage of the remaining [lodestar fee] amount, depending on the degree of success enjoyed by the plaintiff." *See McAfee v. Boczar*, 738 F3d. at 88. This failure constituted a critical, reversible error, especially when one considers that Jones had claimed and sought damages of over two and a half million dollars ($2,500,000) yet only obtained judgments of $50,000 against Phillips and Mroz, a mere 2% of the total damages sought. Because the lower court ignored this critical third step, the lower court's award of attorney's fees constitutes a clear error of law and must be reversed.

Second, the lower court erred as a matter of law when it failed to appropriately apportion the attorney's fee award among the three defendants, instead assessing the award against SouthPeak, Phillips and Mroz jointly and severally. In the absence of joint and several liability on the underlying claim or the existence of a constitutional violation, a district court does not have the

15

discretion to award attorney's fees jointly and severally among multiple defendants. *See Koster v. Perales,* 903 F.2d 131, 139 (2nd Cir. 1990); *Dean v. Gladney*, 621 F.2d 1331, 1339-40 (5th Cir. 1980); *see also Kentucky v. Graham*, 473 U.S. 159, 171 (1985).

The statute under which these claims were brought, 18 U.S.C. § 1514A, does not provide for joint and several liability, but instead, provides that employers and certain officers can be held individually liable for violations of the statute. Nor did Jones assert in the Complaint that SouthPeak, Phillips and Mroz were joint tortfeasors or that each should be adjudicated as such. As SouthPeak, Phillips and Mroz were not adjudged to be "joint tortfeasors" and Jones did not suffer a single, indivisible injury, it was clear error to award the full amount of the attorney's fees jointly and severally among SouthPeak, Phillips and Mroz.

Even if the lower court did have the discretion to assess the attorney's fee award jointly and severally, it was/would have been an abuse of discretion to award attorney's fees jointly and severally where, as here, the damages were divisible and there is such a significant disparity between the damages assessed against each defendant and relative involvement and/or culpability of these two individuals as compared to Jones' employer and other SouthPeak officers and directors, such as the key individuals that sought and recommended Jones' termination.

16

Rather than remanding this matter to the lower court for further proceedings, which would only generate further litigation and undoubtedly yet another round of appeals and an unnecessary drain on judicial resources, this Court should, as it did in *McAfee v. Boczar,* 738 F.3d at 95, assess and determine the appropriate amount of attorney's fees available.    It should then apportion the attorney's fee award, after properly considering the relative success of the remaining claims and amounts awarded to each defendant, among the three defendants in the same proportions as the damages awarded against each, as reflected in the Final Judgment Order.  *See Strama v. Peterson*, 561 F. Supp. 997, 1001 (N.D. Ill.1983) (apportioning attorney's fees in proportion to separate damage awards granted against defendants); *see also Council for Periodical Distributors Assos. v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987) (observing that when apportioning fees among several defendants, among other options, a court may award fees in the same proportion as the damages awarded).

## STANDARD OF REVIEW

The standard of review regarding a fee award depends on the issue. The reasonableness of the lower court's fee award is reviewed for an abuse of discretion, whereas questions of law concerning a fee award are reviewed *de novo*. *Johannsen v. Dist. No. 1-Pac. Coast Dist.*, *MEBA Pension Plan,* 292 F.3d 159, 178 (4th Cir. 2002), abrogated on other grounds by *Metro. Life Ins. Co. v. Glenn*, 544 U.S. 105 (2008).

Here, the review is *de novo* because the lower court erred on matters of law.

**ARGUMENT**

**I.     THE LOWER COURT FAILED TO ADDRESS THE THIRD STEP OF THE "THREE-STEP PROCESS" OUTLINED IN *MCAFEE V. BOCZAR* AND THEREBY COMMITTED AN ERROR OF LAW.**

The proper calculation of an attorney's fee award involves a three-step process. *McAfee v. Boczar*, 738 F3d. at 88.  First, the court must "determine the lodestar figure by multiplying the number of reasonable hours expended times a reasonable rate." *Id.* (quoting *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d 235, 243 (4th Cir. 2009)).  To ascertain what is reasonable in terms of hours expended and the rate charged, the court is bound to apply the factors set forth in *Johnson v. Georgia Highway Express Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).  Next, the court must "subtract fees for hours spent on unsuccessful claims unrelated to successful ones." *McAfee v. Boczar*, 738 F.3d at 88 (quoting *Robinson v. Equifax Info. Servs., LLC,* 560 F.3d at 244). Finally, the court should award "some percentage of the remaining amount, depending on the degree of success enjoyed by the plaintiff." *Id.*

During this third step, a district court is required to consider the relationship between the extent of success and the amount of the fee award.  *McAfee v. Boczar,* 738 F.3d at 92.  The court then must reduce the award if "the relief, however significant, is limited in comparison to the scope of the litigation as a whole." *Hensley v. Eckerhart*, 461 U.S. 424, 439-40 (1983).  The U.S. Supreme Court has

19

recognized that the extent of a plaintiff's success is "the most critical factor" for a district court to consider when determining a reasonable attorney's fee. *McAfee v. Boczar*, 738 F.3d at 92 (quoting *Hensley,* 461 U.S. at 436). A failure to compare the amounts recovered to what a plaintiff requested – an exercise designed to prevent windfalls to attorneys and lodestar amounts that are otherwise excessive – constitutes reversible error. *McAfee v. Boczar,* 738 F.3d at 93.

In the instant case, the lower court did not address the third step of the three-step process outlined in *McAfee v. Boczar.* It made no effort to compare the amount of damages claimed by Jones against the actual damages assessed against Phillips, Mroz or SouthPeak. This omission was critical, as Jones obtained only two percent (2%) of the damages she sought against Phillips or Mroz individually. In accord with the third step of this three-step process, the lower court should have awarded a percentage of the total fee award that was assessed based on its incomplete processing of the three-step process.

In short, the lower court's failure to complete the third and "most critical" part of this three part test constituted clear and reversible error. This Court should accordingly vacate the attorney's fee award entered jointly and severally against SouthPeak, Phillips, and Mroz.

II.   **THE LOWER COURT COMMITTED REVERSIBLE ERROR WHEN IT HELD SOUTHPEAK, PHILLIPS AND MROZ JOINTLY AND SEVERALLY LIABLE FOR THE ATTORNEY'S FEES AWARDED TO JONES.**

    A.   SOUTHPEAK, PHILLIPS AND MROZ WERE NOT JOINTLY AND SEVERALLY LIABLE ON THE THREE SEPARATE CLAIMS ASSERTED AGAINST EACH UNDER § 1514A, NOR HAS JONES ASSERTED ANY CONSTITUTION VIOLATION.

While district courts are entitled generally to exercise their discretion when assessing a fee award, a district court does *not* have discretion to award fees jointly and severally when there is no joint and several liability on the underlying cause of action or where the cause of action is not based on a constitutional violation. *See Koster v. Perales,* 903 F.2d at 139. As the Second Circuit stated in *Koster:*

> [T]he district court may allocate the fee award between the responsible parties, setting the percentage for which each is liable where the claims against the defendants are separate and distinct or where culpability is significantly unequal. *Crosby v. Bowling,* 683 f.2d 1068, 1075 (7th Cir. 1982), or it may hold the responsible parties jointly and severally liable for the fee award. ***The only limitation on the district court's discretion to award fees jointly and severally is that it must do so consistently with the pre-existing background of substantive liability rules.*** *See Kentucky v. Graham,* 473 U.S. at 171; *Dean v. Gladney,* 621 F.2d 1331, 1339-40 (5th Cir. 1980), *cert. denied,* 450 U.S. 983, 101 S. Ct. 1521, 67 L. Ed. 2d 819 (1981) (***defendants must be joint tortfeasors***).

*Koster v. Perales,* 903 F.2d at 139 (emphasis added).

Such is consistent with the mandate that district courts make "every effort to achieve the most fair and sensible solution that is possible." *Id.*

21

The *Molnar v. Booth* case cited in the Fee Petition Order, despite the lower court's suggestion in this point, does not lead to a different result. *Molnar v. Booth*, 229 F.3d 593 (7th Cir. 2000). In *Molnar,* two defendants were found to have committed constitutional violations relating to the plaintiff's employment; these claims were brought under 42 U.S.C. § 1983 (and Title VII). Upon reviewing whether the district court had the discretion to apportion the attorney's fee award or hold the defendants jointly and severally liable for such fees, the court in *Molnar* held that, "when two or more defendants actively participate in a constitutional violation, they can be held jointly and severally liable for indivisible attorney's fees." *Molnar v. Booth*, 229 F.3d at 605. The court's conclusion – that a joint and several attorney's fee award was not in and of itself an abuse of discretion, although the court suggested that apportioning the damages would have been reasonable – is unremarkable and consistent with *Koster,* in that the *Molnar* defendants committed constitutional violations and were jointly and severally liable on the underlying claim and single compensatory damage award assessed on the 42 U.S.C. § 1983 claim. *Id.* The lower court's reliance on *Molnar v. Booth* as support for awarding a joint and several attorney's fee where there has been no constitutional violation, as is the case with SouthPeak, Phillips and Mroz, is therefore misplaced.

22

The statute under which Jones sued SouthPeak, Phillips and Mroz, 18 U.S.C. § 1514A, does not provide for joint and several liability. It provides instead that employers and certain officers can be held individually liable for violations of that statute. Nor did Jones allege that SouthPeak, Phillips or Mroz committed any constitutional violation.

In addition, the injuries and damages requested and assessed in this matter were not indivisible among the three defendants. Rather, they were identified and assessed against the three defendants in a specific and independent manner. Although the lower court remarked – without explanation or citation to the record – that SouthPeak, Phillips and Mroz were adjudicated as "joint tortfeasors" and that SouthPeak, Phillips and Mroz each caused the same "single injury," those statements were erroneous and contrary to the lower court's own rulings and the Final Judgment Order. More specifically, the lower court previously held that, at least as for Phillips and Mroz, the damage awards should *not* be shared between them, as the jury "made two equal and independent . . . assessments against Phillips and Mroz separately." JA 103. Likewise, the lower court acknowledged that the jury had returned one verdict against SouthPeak (finding that it had caused certain financial injuries, such as a loss of back pay and other compensatory damages) and two additional and separate verdicts against Phillips and Mroz (finding that each separately caused Jones to suffer a different category of injury,

23

emotional damages). This is not surprising, as Jones did not allege in the Complaint – nor did Jones present any evidence in support of such a theory – that SouthPeak, Phillips and Mroz acted as *joint tortfeasors* in any capacity.

Finally, the jury was instructed that it was to consider the allegations set forth by Jones as separate claims asserted against three individual defendants. JA 91. The jury was instructed further that these claims should be considered independently and was provided verdict forms that reinforced that it should consider each claim separately. JA 84, 85. Put simply, these defendants were not adjudged to be "joint tortfeasors" and Jones did not suffer a "single injury," notwithstanding the lower court's summary and unsupported statements to the contrary.

B. THE LOWER COURT SHOULD HAVE APPORTIONED THE ATTORNEY'S FEE AWARD IN THE SAME PROPORTIONS AS THE DAMAGES ASSESSED AGAINST SOUTHPEAK, PHILLIPS AND MROZ.

As a district court does not have the discretion to award fees "jointly and severally" when there is no joint and several liability on the underlying cause of action, the lower court should have apportioned a percentage of the fees awarded to each individual defendant. *See Koster v. Perales*, 903 F.2d at 139; *Dean v. Gladney*, 621 F.2d at 1339-40; *see also Kentucky v. Graham*, 473 U.S. at 171. Within the limits of discretion afforded on such matters, the most appropriate allocation would have been to award fees based on the lodestar calculation – after

24

making any appropriate reductions based on the third step of the three-step process – and assess the attorney's fees in the same proportions as the damages were assessed against SouthPeak, Phillips and Mroz. *See Strama v. Peterson*, 561 F. Supp. 997, 1001 (N.D. Ill.1983) (apportioning attorney's fees in proportion to separate damage awards granted against defendants); *see also Council for Periodical Distributors Assos. v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987) (observing that when apportioning fees among several defendants, among other options, a court may award fees in the same proportion as the damages awarded). Indeed, given the facts of this case, it would have been an abuse of discretion to do otherwise.

Although it would not be appropriate to recount herein all of the facts presented at the trial on the merits, it is sufficient to note that the overwhelming amount of evidence and attention at trial was directed at SouthPeak, the head of the Audit Committee, David Buckel ("Buckel"); outside corporate counsel for SouthPeak, Mark Wishner ("Wishner"); and the SouthPeak employee that supposedly hid the subject transaction from Jones, Patrice Strachan ("Strachan"), a witness that has refused to testify in this matter asserting her rights under the Fifth Amendment to the United States Constitution. Jones and Strachan were rivals of sorts and it was Jones' position that Strachan's intentionally hid from her a loan that Phillips made to SouthPeak to purchase inventory – which by itself was not

uncommon or improper – that led to the non-reporting of the loan in the relevant quarterly filing and the resulting claim of fraud made by Jones to the head of the audit committee.

By comparison, there was little if any testimony about Mroz or Jones' interaction with Mroz (who worked in Texas) or Phillips (who was rarely in the office due to business travel). Mroz played virtually no roll at all during the trial, except perhaps to confirm that when she communicated the termination decision to Jones, both she and Jones hugged and parted on good terms. Likewise, Phillips' testimony concerned primarily the financial transaction at issue, not the subsequent mistreatment that Jones claimed she suffered thereafter from Buckel and Wishner.

Jones presented hundreds of exhibits and documents about SouthPeak, its financial records, corporate filings, the fraud investigation conducted by Buckel and Wishner, SouthPeak's office procedures and employment practices, and the eventual recommendation from Wishner and Buckel that Jones be terminated. The fact that Phillips, as the Chairman of the Board and Mroz, as the President of SouthPeak, voted at a meeting called by Buckel, the Head of the Audit Committee, to terminate the Chief Financial Officer is not remarkable or indicative of any ill will or culpability that would justify a joint and several attorney's fee award, especially since Phillips and Mroz were only two of the votes cast at that meeting. In such circumstances, apportioning the legal fees in the same proportions as

reflected in the Final Judgment Order is the most, if not the only reasonable outcome.  At the very least, and even if the lower court had the discretion to award attorney's fees jointly and severally in this matter, it was/would have been an abuse of discretion to award attorney's fees of $354,127.05 jointly and severally against Phillips and/or Mroz in consideration of these facts and the ultimate damage awards assessed against Phillips, Mroz and SouthPeak.

**III.   THIS COURT SHOULD AVOID THE FURTHER EXPENSE AND NONESSENTIAL USE OF JUDICIAL RESOURCES ASSOCIATED WITH REMAND PROCEEDINGS AND FURTHER APPEALS AND APPORTION THE ATTORNEY'S FEES ON AN INDIVIDUAL BASIS AFTER CONSIDERING THE DEGREE OF SUCCESS OBTAINED AGAINST EACH DEFENDANT.**

As it is often recounted in fee petition disputes, a request for attorney's fees should not result in a "second major litigation." *Rum Creek Coal Sales, Inc. v. Caperton*, 31 F.3d 169, 181 (4th Cir. 1994) (citing *Hensley*, 461 U.S. at 437 n.12). Consistent with *Rum Creek,* and to avoid further expense and the nonessential use of judicial resources associated with remand proceedings and other inevitable appeals, this Court should, as it did in *McAfee v. Boczar,* 738 F.3d at 95, assess and then apportion the attorney's fee award, after properly considering the relative success of the remaining claims and amounts awarded to each defendant, among the three defendants in the same proportions as the damages reflected in the Final Judgment Order. *See Strama v. Peterson*, 561 F. Supp. 997, 1001 (N.D. Ill.1983) (apportioning attorney's fees in proportion to separate damage awards granted

against defendants); *see also Council for Periodical Distributors Assos. v. Evans*, 827 F.2d 1483, 1488 (11th Cir. 1987) (observing that when apportioning fees among several defendants, among other options, a court may award fees in the same proportion as the damages awarded).

The matters raised in this appeal concern issues that can be swiftly and appropriately resolved on appeal. This is especially warranted as the underlying facts of this dispute concern events that took place more than five years ago and this is the second appeal that has been filed in this matter. Remanding this matter to the lower court for further proceedings would likely generate even further litigation and yet another round of appeals and an unnecessary drain on judicial resources.

To avoid that result, it would be appropriate for this Court to summarily reduce the attorney's fees based on the results obtained and/or apportion the remaining attorney's fees in same manner in which the damages were assessed against each of the three defendants.

## CONCLUSION

WHEREFORE, SouthPeak, Phillips and Mroz respectfully request the following relief:

a.      That this Court vacate the Fee Petition Order entered by the lower court on July 1, 2014; and

b.      Reduce the amount of attorney's fees awarded in accord with the standards set forth herein and thereafter apportion the resulting attorney's fee award in the proportions equal to the damages awarded against SouthPeak, Phillips and Mroz in the Final Judgment Order, or in the alternative, remand this matter to the district court for further proceedings.

SouthPeak, Phillips and Mroz request further any other relief that the Court deems just and appropriate under the circumstances.

Respectfully submitted,

SOUTHPEAK INTERACTIVE CORPORATION, TERRY M. PHILLIPS, AND MELANIE J. MROZ

By:  _____/s/_____

Kevin D. Holden, Esq. (VSB#30840)
Jackson Lewis P.C.
1021 East Cary Street, Ste 1200
Richmond, Virginia 23219
Tel:  804.212.2888
Fax:  804.649.0403
Kevin.Holden@jacksonlewis.com
*Counsel for Defendants*

## <u>STATEMENT FOR ORAL ARGUMENT</u>

The SouthPeak Defendants request oral argument on the issues raised in this appeal.

## <u>CERTIFICATE OF COMPLIANCE WITH RULE 32(A)</u>

1. This brief complies with the type-volume limitation of Fed. R. App. 32(a)(7)(B) because the word count of this brief is  5718  words.

2. This brief complies with the typeface requirements of Fed. R. App. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it is has been prepared in proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.


September 22, 2014


_____/s/_____

Kevin D. Holden


32

<u>**CERTIFICATE OF FILING AND SERVICE**</u>

On this day, September 22, 2014, I filed the required copies of the foregoing

OPENING BRIEF OF APPELLANTS-DEFENDANTS with the Clerk of the

Court via hand delivery and electronically using the CM/ECF system, which will

send a notice of electronic filing to:


James B. Thorsen
Marchant, Thorsen, Honey, Baldwin & Myer, LLP
5600 Grove Avenue
Richmond, Virginia 23226
804 285-3888
Jim@mthblaw.com
Counsel for Appellee-Plaintiff


September 22, 2014


_____/s/_____
Kevin D. Holden